PORTIA HORWITZ v. THE AMERICAN SURETY COMPANY OF NEW YORK ET AL.

Argued June 5, 1912—Decided November 27, 1912.

Upon a demurrer to a replication to a plea, where an examination of the latter pleading discloses that it is bad, in substance, for duplicity, judgment upon the demurrer will go against the defendant even though the replication be bad.

On demurrer to replication.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *Louis H. Miller.*

For the surety company, *James S. Ware.*

For M. A. Gethany, *Walter H. Bacon.*

The opinion of the court was delivered by

MINTURN, J.   A demurrer was filed to a replication, which in turn was filed to a plea.   The declaration was on a bond given by defendant company to secure the faithful performance of a building contract by the defendant, Melvin A. Gethany, of the plaintiff's house.   The declaration alleged failure to perform the contract by Gethany, and the performance of all the conditions precedent to recovery on the bond by plaintiff.

The surety company pleaded *non est factum,* and performance of his contract by Gethany, the builder.   Its third and final plea presents the basis for the contention raised in this case by the demurrer.   It alleges—*first,* that the plaintiff failed to comply with certain conditions precedent to his right to recover on the bond.   The first of these was his failure to deliver a written statement of the facts showing default, on the part of Gethany, by registered mail, within ten days after plaintiff or the architect in charge had learned of the default; *second,* that the plaintiff failed to accord to defendant the right within thirty days after receipt of such statement to procure others to complete the work; and *third,* that the plaintiff has since the execution of the bond made changes in the plans and specifications, which increase the amount to be paid to Gethany, without the written consent of the surety.

It may be observed that these allegations of non-performance by the plaintiff are based upon provisions and requirements in the surety bond to that effect.

The only new matter alleged by the defendant, Gethany, in his plea, was that he was induced to execute a supplementary contract set out in the declaration, by fraudulent and false representations of the plaintiff, which fraud, he alleges, avoids the said contract.

The plaintiff replied—*first*, reiterating generally performance, and that she did deliver the written statement of default as required by the contract; *second*, that the surety company had abandoned and waived the right it possessed under the contract within thirty days to procure others to proceed with the contract; and *third*, that the said claim of right to perform no longer existed, because it is repugnant to a stipulation contained in the supplementary contract between the parties, and is therefore void; *fourth*, she denies that she made any changes in the plans or specifications increasing the amount payable to Gethany, without the surety company's consent. The pleas of defendant, Gethany, are met with a general denial.

It will be observed that the legal contention raised by these pleas, and the replication, are based upon the third allegation in the replication, directed to the third plea; which latter pleading alleges three distinct matters of defence in bar to the action, which the replication attempts to meet by alleging that the provision in the supplemental contract changed the situation under the original contract so as to make the original provision upon which defendant's plea is based repugnant to the terms of the last mentioned contract, and therefore illegal and void.

If this plea be bad, we are not concerned with the vice contained in the third count of the replication, which it is manifest tenders an issue of law, for the rule of pleading is fundamental that upon demurrer to pleadings judgment will go against the party whose pleading is first defective in substance. 1 *Chit. Pl.* 648.

In *Brehen* v. *O'Donnell*, 5 *Vroom* 408, this court held: "A demurrer opens all errors in the pleadings and judgment therein goes against the first bad pleader." To the same effect is *Salt Lake City National Bank* v. *Hendrickson*, 11

*Id.* 52. Therefore the inquiry that results is whether the third plea to which the replication is directed is itself defective; and our examination of it leads us to conclude that it is bad, for duplicity.

"The defendant cannot," says Chitty, "in answer to a single claim rely upon several distinct answers. Thus in a plea of outlawry the defendant cannot state several outlawries because one would be sufficient to defeat the action." 1 *Chit. Pl.* 227.

Among the qualities and conditions of pleas recited by Tidd is that of singleness, "Consisting," he says, "only of one fact or of several facts, making together one point, for if a plea contain duplicity, or allege several distinct matters, which require several distinct answers to the same thing, it is bad. 1 *Tidd Pr.* 712.

We find this to be the inherent vice of the third plea, and consequently upon this demurrer judgment should be awarded to the plaintiff as against the surety company.

The judgment entered will be in favor of the plaintiff on the demurrer, reserving the issues of fact presented by the pleadings for disposition at the circuit.